W. H. WILSON, Appellant, v. J. A. LARSON and S. LARSON, Appellees. ·

**Specific performance:** WANT OF CONSIDERATION. The specific performance of a contract for the conveyance of land for which there was no consideration will not be decreed; as where defendants believed, at the time they made the contract to convey to plaintiff certain lands in part payment of his commission, that he had made an enforceable contract for the sale of their property at the agreed price but on learning otherwise the contract was rescinded, the enforcement of plaintiff's contract would be inequitable.

*Appeal from Polk District Court.*— HON. JESSE A. MILLER, Judge.

WEDNESDAY, JUNE 10, 1908.

SUIT in equity for the specific performance of an agreement to convey real estate. Defendants pleaded that the contract was without consideration, and that it was obtained by fraud and signed by mistake as to its true import. The case was tried to the court, resulting in a judgment dismissing plaintiff's petition, and he appeals.— *Affirmed.*

*Brown & Dille*, for appellant.  ·

*Henry & Henry*, for appellees.

DEEMER, J.— The contract which plaintiff seeks to enforce reads as follows:

This agreement, made and entered into this 22d day of June, 1905, by and between J. A. Larsen and S. Larsen, her husband, of Polk county, Iowa, party of the first part, and W. H. Wilson, of same place, party of second part, witnesseth: The party of the second part having this day effected a sale of real estate belonging to the party of the first part to one Martha E. Mann, the party of the first part agrees with the party of the second part that the party of the second part shall have a commission of one thousand dollars ($1,000), and that the same shall be paid as follows: The party of the first part shall pay to the party of the second part, on or before September 1st from the date of this agreement, the sum of four hundred and fifty dollars ($450.00) in cash. For the remaining five hundred and fifty dollars ($550.00) the party of the first part agrees with the party of the second part to deed to said second party by warranty deed, with abstract showing good and sufficient title in the party of the first part, free of incumbrance, the following real estate, to wit: Lot 5 of Williams' addition to North Des Moines, Iowa. J. A. Larsen, Agent. S. Larsen. W. H. Wilson.

June 22, 1905. Received of S. Larsen fifty dollars on account. W. H. Wilson.

Defendants contend that plaintiff did not in fact make a valid and enforceable contract with Martha E. Mann for the sale of their real estate as stated in the said contract, and that they signed this contract by mistake, and through the fraud of plaintiff. The exact claim in respect to the consideration for the contract is that it was agreed that defendants were to have $5,000 net in cash for ten acres of land belonging to them, and $1,000 for the remainder of the tract, three and three-fourths acres — the three and three-fourths acres being the property in dispute — or that they were to have net to them $6,000 for the entire tract. Plaintiff, Wilson undertook as agent to so dispose of the land. Wilson, so it is claimed, represented to defendants at the time he obtained the contract which is the basis of this suit that he had sold the ten acres to Martha Mann for the sum of $6,000, and on the strength of that he obtained the contract now in suit.

Plaintiff, so it is claimed, was to have all over the $6,000, hence this contract. It is also claimed that while Wilson made a contract with Mrs. Mann for the ten acres of land at $6,000, and gave her an option on the three and three-fourths acres for an additional $1,000, the contract with her provided that the property should be free and clear of all incumbrances whatsoever. As a matter of fact there was a curbing tax amounting to something like $304, which, under the contract, defendants would be compelled to pay in the event the contract with Mrs. Mann was carried out. When this was discovered the contract with Mrs. Mann was by mutual consent rescinded, after suit was brought by defendants to enforce it. The rescission was the result of a compromise whereby Mrs. Mann paid $200, which was applied on costs and attorney's fees. When defendants signed the contract in suit, they understood that there was a valid and binding contract with Mrs. Mann, and that they were to receive $6,000 net for their property. These in brief are the claims made by the defendants, and it is evident that the trial court found the facts to be in accord with these claims.

It is manifest from the record that defendants have never received the money for their property, and that they now have no enforceable contract for the sale thereof. The questions presented are largely of fact. It is admitted, of course, that, if the contract sought to be enforced is without consideration, is unconscionable, was obtained by fraud or through mistake, it should not be specifically enforced. The case turns largely upon whether or not plaintiff, Wilson, earned his commission, which was to be all over $6,000 received for the property, by a valid and enforceable sale to Mrs. Mann. The testimony shows that Mrs. Mann pleaded certain false and fraudulent representations made to her by plaintiff in negotiating a sale of the property. True these were denied by defendants, but they settled the case upon payment to them of $200. Again, while defendants were under the contract made with Mrs. Mann to give her a title free and clear

of all incumbrances, they were not to deduct the amount of any incumbrance which might exist from the net amount which they were to receive for their property. This would have been the result had they enforced the contract against Mrs. Mann, and were also compelled to abide by the contract made with plaintiff. This plaintiff well knew when he made the contract in suit; but it just as clearly appears that defendants did not know of that fact when they signed the contract. They then understood that they were to get the full $6,000 or its equivalent, for the property. Defendants are ignorant people, not versed in the use of our language, and the testimony shows that they relied upon plaintiff in carrying out the entire transaction in accord with the original agreement. As defendants have received no consideration for their agreement to convey the property, it would be inequitable to enforce it, and the trial court did not err in dismissing the petition.

The decree must be, and it is, *affirmed.*